IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| GERALD DUNN, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 3:22-CV-00078-CAR-CHW |
| OFFICER DANIEL FREELAND, | : | |
| Defendant. | : | |

# ORDER

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Gerald Dunn, an inmate presently confined in the Riverbend Correctional Facility in Milledgeville, Georgia, has responded to the Court's show cause order explaining that the documents previously sent to him were labeled with the wrong GDC Identification Number. Plaintiff has also filed an Amended Complaint (ECF No. 8) and a partial copy of his prison trust fund account information (ECF No. 7). The Court has reviewed these documents and requires additional information from Plaintiff before this case can proceed. First, a prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Although Plaintiff submitted some of his prison trust fund account information, he did not supply the Court with information about the deposits to his account, nor did he submit the certification form signed by the appropriate

prison official.  Accordingly, Plaintiff is **DIRECTED** to submit a proper and complete motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement, completed by the appropriate prison official.  The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms for this purpose, marked with the case number of the above-captioned action.

Plaintiff is also **DIRECTED** to refile his complaint on a standard § 1983 form.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his constitutional rights.

To that end, it is recommended that, when drafting his statement of claims on the Court's form, Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights?  In other words: What was the extent of this defendant's role in the unconstitutional conduct other than being in a supervisory role?  Was the defendant personally involved in the constitutional violation?  If not, did his actions otherwise cause the unconstitutional action?  How do you know?

(2) *When* and *where* did each action occur (to the extent memory allows)?

(3) *How* were you injured as a result of this defendant's actions or decisions?  If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4) *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?

(5)  *What* did this defendant do (or not do) in response to this knowledge?

(6)  *What* relief you seek from this defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he need not attach supporting documents to his recast complaint, use legal terminology, or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

**The recast complaint will supersede (take the place of) the original Complaint (ECF No. 1) and the Amended Complaint (ECF No. 8). The Court will not look back to the factual allegations in any of these documents to determine whether Plaintiff has stated a cognizable constitutional claim.** Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing. The Clerk is **DIRECTED** to forward a copy of the § 1983 form marked with the case number of the above-captioned action to the Plaintiff.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $402.00 filing fee or file a proper motion to proceed without the prepayment of the filing fee, to include a certified copy of his prison trust account information, and (2) to refile his Complaint with the Clerk of Court as described above. **If Plaintiff does not timely and fully comply with this Order, this action may be**

**dismissed.**  Plaintiff is further **DIRECTED** to notify the Court of any change of address.

There shall be no service of process in this case until further order of the Court.

    **SO ORDERED**, this 24th day of October, 2022.

                                      s/ Charles H. Weigle
                                      Charles H. Weigle
                                      United States Magistrate Judge