IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| GERALD DUNN, | : |
| | : |
| Plaintiff, | : |
| VS. | : |
| | : CASE NO.: 3:22-CV-78-CAR-CHW |
| OFFICER DANIEL FREELAND, | : |
| | : |
| Defendant. | : |
| _____ | : |

### ORDER

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Gerald Dunn has paid the required initial partial filing fee. Upon review pursuant to 28 U.S.C. § 1915A and § 1915(e), Plaintiff's claims against Defendant Freeland are sufficient to proceed for further factual development.

### PRELIMINARY SCREENING

**I.     Standard of Review**

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his August 23, 2020 arrest in Athens, Georgia. Recast Compl. 5, ECF No. 10. According to the Recast Complaint, Plaintiff was approached by the only named Defendant in this action, Officer Freeland, while Plaintiff was shopping at a local department store. *Id.* Plaintiff contends Defendant Freeland ordered Plaintiff to "come here." *Id.* Plaintiff states he was "in fear for [his] safety" because Defendant Freeland was "acting very aggressive." Plaintiff did not immediately comply and asked Defendant Freeland, "for what[?]" *Id.* Plaintiff contends Defendant Freeland then "grabbed me by my shirt," tasered Plaintiff in the left side, and "put [his] knees into my face and neck breaking my tooth out and cutting my breathing off[.]" *Id.* Plaintiff was held in that manner until backup arrived and was then transported to the jail. *Id.* Plaintiff alleges that all charges related to this incident were dismissed and that he "never faced any court dates in person." *Id.* at 6.[1] Plaintiff contends that Defendant Freeland's actions

---

[1] The United States Supreme Court has held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If a judgment on the prisoner's behalf would necessarily imply the invalidity of his conviction or sentence, the complaint must be dismissed unless the prisoner "can demonstrate that the conviction or sentence has already been invalidated." *Id.* Because Plaintiff has alleged that he did not face any criminal charges as a result of the incident described in his Recast Complaint, the Court cannot conclude at this early stage that Plaintiff's claims are barred by *Heck* and thus subject to dismissal.

violated his constitutional rights, and as a remedy he seeks compensatory and punitive damages, costs, and "any additional relief this court deems just, proper, and equitable." *Id.* at 7.

Plaintiff's pleadings are sufficient to suggest that Defendant Freeland illegally detained Plaintiff and used excessive force to accomplish this detention. This claim is most properly construed as a false arrest claim. *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) ("Under this Circuit's law . . . a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim"). To the extent Plaintiff alleges that Defendant Freeland used excessive force against him during an *illegal* stop, his false arrest claim may therefore proceed for further factual development.

Plaintiff's pleadings also suggest that even if Defendant Freeland *legally* detained Plaintiff, he may have used more force than was reasonably necessary to accomplish that detention. Officers may not use excessive force to effectuate a legal arrest without running afoul of the Constitution, and such allegations give rise to a discrete excessive force claim. *See Jackson*, 206 F.3d at 1171. Thus, even if Plaintiff's claim is that Defendant Freeland used excessive force during a legal arrest, it should also proceed for further factual development.

### III. Conclusion

For the foregoing reasons, Plaintiff's claims against Defendant Freeland concerning Plaintiff's August 2020 arrest shall proceed for further factual development.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Freeland, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court.  This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing

supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 30th day of December, 2022.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge