# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| GERALD DUNN, | : |
| | : |
| Plaintiff, | : |
| | : Case No. 3:22-cv-78-TES-CHW |
| v. | : |
| | : |
| Officer DANIEL FREELAND | : |
| | : Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : Before the U.S. Magistrate Judge |

## ORDER

Before the Court are Plaintiff's motions to request subpoenas (Docs. 39, 40, 41), in which Plaintiff requests that the Court issue subpoenas to three different sources regarding video recordings showing the incident involved in the above-styled case. Because issuing these subpoenas would be either impractical or unnecessary based upon the record in this case, Plaintiff's motions to request subpoenas (Docs. 39, 40, 41) are **DENIED**.

*Pro se* litigants are entitled to reasonable access to the courts, but they are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citing *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990)). However, "this leniency does not give a court license to serve as *de facto* counsel for a party." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

In cases involving *pro se* litigants, particularly prisoner litigants, courts have a responsibility to supervise the discovery process. Courts must pay special attention to the use of the subpoena process to obtain third-party discovery under Rule 45. "A court supervising prisoner

pro so cases must prevent abuse of its subpoena power and, at the very least, ensure that subpoenas are used for permissible purposes." *Keith v. Mayes*, 2010 WL 3339041, * 1 (S.D.Ga., August 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). "A *pro se* plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from non-parties upon Court approval." *Wright v. Young*, 2012 WL 3024431, *1 (N.D.Fla., July 24, 2012). A request for the issuance of a subpoena should be granted only if the request is within the proper scope of discovery and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Id*.

In his first motion, Plaintiff requests a subpoena be issued for "social media footage on the incident that took place at Ga Square Mall of Athens, GA, on Aug. 23, 2020, outside of the Department Store of Belks, when the citizen was recording the incident on the outside of the store upstairs on the back door, on the concrete." (Doc. 39). Plaintiff, in a separate motion, also requests a subpoena be issued to Belk for its surveillance footage from that same date. (Doc. 40). While video evidence of an incident involved in a lawsuit would be within the scope of discovery, Plaintiff has failed to provide *any* information necessary to issue the requested subpoenas. Plaintiff's motion does not explain how he knows this footage exists. He has not provided the name of the social media platform where the video was allegedly posted and what user posted it. He has likewise provided no name or contact information concerning the alleged surveillance camera footage, other than a date and the name and location of the department store. The minimal details that Plaintiff's motions provide are insufficient to issue the requested subpoenas, and the Court is not obligated to act as Plaintiff's counsel to investigate or otherwise discover this information.

In a third motion, Plaintiff requests that a subpoena be issued "for surveillance of body cam of the incident" inside and outside the department store. (Doc. 41). Notwithstanding that Plaintiff has not stated from whom or from what law enforcement agency he seeks this body camera footage, presumably that footage would come from Defendant's body worn camera or from other officers from his department. Plaintiff has failed to explain why he was unable to request and receive this footage in discovery. Additionally, Defendant has now filed a motion for summary judgment and submitted body camera footage as exhibits to the motion. (Doc. 43). Based upon the record before the Court, Plaintiff's request for a subpoena for body cam footage appears unwarranted as he could have requested the footage through the regular discovery process, and, at minimum, he should have received the footage as an exhibit to the pending summary judgment motion.

Based on the foregoing, Plaintiff's motions to request subpoena (Docs. 39, 40, 41) are **DENIED**.

**SO ORDERED**, this 29th day of September, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge